# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6770 | **DATE** | 10/1/2003 |
| **CASE TITLE** | LISA CALIMESE vs. AMERICAN PSYCHIATRIC ASSOCIATION | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis is denied.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | 5 |
| | Notices mailed by judge's staff. | | OCT 0 2 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | date mailed notice | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
03 OCT -1 PM 6:59
FOR DOCKETING
ED-7

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA CALIMESE,                    )
                                  )
                Plaintiff,        )
                                  )
        vs.                       )        No. 03 C 6770
                                  )
AMERICAN PSYCHIATRIC ASSOCIATION, )
                                  )
                Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa Calimese brought this action against the American Psychiatric Association (APA) for violating her right to the pursuit of happiness. Along with her complaint, plaintiff filed a petition to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is denied.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. In her affidavit, plaintiff states that she is unemployed, has no savings, and her only source of income is social security. She has shown her inability to pay court costs.

Our inquiry does not end there, however. As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). We review the claim using the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure



12(b)(6).  Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  Pursuant to Rule 12(b)(6),

we dismiss a claim only if it appears beyond a doubt that there exist no facts to support the

allegations.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Complaints by *pro se* parties should

"be liberally construed and not held to the stringent standards expected of pleadings drafted

by lawyers."  McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

        In her civil cover sheet, plaintiff identifies the nature of her suit as personal injury and

her cause of action as the violation of her right to the pursuit of happiness.  Her one-page

complaint is unclear and provides no factual context for her allegations; it appears to state that

the APA infringed on her pursuit of happiness by not informing her of her rights and

improperly questioning and advising her on certain issues.  These allegations fail to state a

claim.  Neither the Constitution nor its amendments provide a guarantee for the pursuit of

happiness.  *See* U.S. Const.; Coffey v. U.S., 939 F. Supp. 185, 191 (E.D.N.Y. 1996).  Nor do

plaintiff's vague allegations regarding APA's failure to properly question and advise her give

rise to any other causes of action.

## Conclusion

        For the foregoing reasons, plaintiff's petition to proceed *in forma pauperis* is denied.


                                                    _James B. Moran_____
                                                    JAMES B. MORAN
                                                    Senior Judge, U. S. District Court

____Oct. 1____, 2003.